PeabsoN, J.
 

 A similar question to that now under consideration, was presented in the case of
 
 Miller
 
 v.
 
 Cherry,
 
 ante 23. It is there said,
 
 “
 
 this is a latent, as distinguished from a patent, ambiguity, and presents a question of identity as distinguished from a question of construction.” The authorities are examined, and this is established to be the true principle:
 
 “
 
 An error in some, out of several particulars of description, in a deed, bond, &c., is not fatal, provided the erroneous portions of description may be rejected as surplusage, and the debt in question (or other thing supposed to be described) can be sufficiently identified by the other particulars of description, in regard to which there is no error or discrepancy.”
 

 This principle is applicable to our question, and is decisive of it. The deed of trust describes, among others, a debt in this manner: It is a debt of the Island-Ford Manufacturing Company, due to
 
 the North-Carolina
 
 Mutual Insurance and Trust Company; its amount $7,285; its date about 19th of August, 1856; secured by the note of John M. Coffin, John R. Prown, Jesse Thornberg, John Branson, and A. S'. Ilorney; and it is a debt made to raise money for the said company; and the makers of the said note made it for the sole and exclusive use of the said company. Now, as is said in
 
 Miller
 
 
 *308
 
 v. Cherry, the difficulty occurs in fitting the description to tlie thing. If a debt answering the description in every particular existed, that would be “ the thing.” But there is no such debt. There is, however, a debt which answers this description in many particulars, and the question is, can the particulars of description, in regard to which there.is an error or discrepancy, be rejected as surplusage, and leave enough to identify this debt as “ the debt” set out in the deed ? The debt in question answers the description in these particulars : It is a debt of the Island-Ford Manufacturing Company; its amount, $7,285; its date 19th of August, 1850 ; it is secured by the note of John M. Coffin, John R. Brown, Jesse Thorn-berg, John Branson, and A. S. Horney ; it is a debt made to raise money for the said company; and the makers made it for the sole and exclusive use of the said company. Here are five particulars of description pointing to this as “ the debt.” If it be not the debt, there is no debt of the sort in existence, for there is no other debt answering the description in a single particular. We are satisfied that these particulars of description do identify the debt in question, as
 
 the debt
 
 set out in the deed of trust, and the payment of which is there provided for.
 

 In the particular of description as to the creditor, there is manifestly an error. The debt is not due to the North-Carolina Mutual Insurance and Trust Company, but it is due to the Greensborough Mutual Life Insurance and Trust Company, and is secured by the note of Coffin and others, payable to David P. Weir, the treasurer of the said company. There is no such corporation as the North-Carolina Mutual Insurance and Trust Company. Reject that part of the description as surplusage, and we have seen the debt is sufficiently identified by the other particulars of description.
 

 We lay no stress upon th e fac t, that Coffin and the o flier makers of the note by which this debt is secured, were the corporators of the Island-Ford Manufacturing Company, and the general scope of the deed of trust, as appears in its face, was to provide, in the first instance, for the debts of the companj’-, for
 
 *309
 
 which the corporators had become individually liable; because we prefer1 to put the decision ou the broad principle settled by
 
 Miller v. Cherry,
 
 and not to weaken it by calling in collateral aid, when there is no use for it.
 

 Pee CueiaM, Decree accordingly.